1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN HO LEE, | 1:09-cv-01170-LJO-MJS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 1] |
| J.D. HARTLEY, Warden, | |
| Respondent. | |
| _____/ | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation (CDCR) following his 1996 conviction in Los Angeles County Superior Court for attempted murder and other lesser offenses. (Pet. at 1, ECF No. 1.)  Petitioner was sentenced to a term of life with the possibility of parole, plus seven years. (Id.)

In the instant petition, Petitioner does not challenge the validity of his conviction; rather, he challenges the Board of Parole Hearings' (Board) March 12, 2008 decision finding him unsuitable for release on parole.  Specifically, Petitioner raises three grounds for relief. Petitioner claims (1) that his due process rights were violated because the Board's decision was not supported by some evidence of his current dangerousness, (2)

---

[1] This information is taken from the state court documents attached to Respondent's answer and are not subject to dispute.

1  that the Board of Parole Hearings has a no-parole policy which denies Petitioner the right

2  to a fair hearing, (3) that the decision was based on boilerplate reasons and static factors

3  relating to the commitment offense, and (4) that it is a violation of due process and cruel

4  and unusual punishment to not be released upon the expiration of Petitioner's term.

5      On November 5, 2008, Petitioner filed a state petition for writ of habeas corpus in

6  the Los Angeles County Superior Court challenging the Board's 2008 decision. (Answer,

7  Ex. 1, ECF No. 13-1.) On January 5, 2009, the Superior Court denied the petition. (Id. at

8  Ex. 2, ECF No. 13-1.) On January 22, 2009, Petitioner filed a state petition with the

9  California Court of Appeals, Second Appellate District. (Id. at Ex. 3, ECF No. 13-2.) The

10  petition was denied on February 10, 2009. (Id. at Ex. 4, ECF No. 13-4.)  Finally, Petitioner

11  filed a petition with the Supreme Court of California on February 27, 2009, which was

12  denied on June 10, 2009. (Id. at Exs. 5-6, ECF No. 13-4.)

13      Petitioner filed the instant petition for writ of habeas corpus on July 7, 2009.

14  Respondent filed an answer to the petition on July 2, 2010, and Petitioner filed a traverse

15  on August 5, 2010.

16  **II.    DISCUSSION**

17      **A.    Federal Review of State Parole Decisions**

18      Because the petition was filed after April 24, 1996, the effective date of the

19  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this

20  proceeding. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481

21  (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

22      A district court may entertain a petition for a writ of habeas corpus by a person in

23  custody pursuant to the judgment of a state court only on the ground that the custody is

24  in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a),

25  2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389

26  (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010) (per curiam).

27      The Supreme Court has characterized as reasonable the decision of the Court of

28

1  Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected

2  by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures

3  with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed.

4  2d 732 (2011).

5      However, the procedures required for a parole determination are the minimal

6  requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex,

7  442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).[2] Swarthout, 131 S.Ct. at 862. In

8  Swarthout, the Court rejected inmates' claims that they were denied a liberty interest

9  because there was an absence of "some evidence" to support the decision to deny parole.

10  The Court stated:

11          There is no right under the Federal Constitution to be conditionally released
            before the expiration of a valid sentence, and the States are under no duty
12          to offer parole to their prisoners. (Citation omitted.) When, however, a State
            creates a liberty interest, the Due Process Clause requires fair procedures
13          for its vindication-and federal courts will review the application of those
            constitutionally required procedures. In the context of parole, we have held
14          that the procedures required are minimal. In Greenholtz, we found that a
            prisoner subject to a parole statute similar to California's received adequate
15          process when he was allowed an opportunity to be heard and was provided
            a statement of the reasons why parole was denied. (Citation omitted.)
16
17  Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the

    process that was due as follows:
18
19          They were allowed to speak at their parole hearings and to contest the
            evidence against them, were afforded access to their records in advance,
20          and were notified as to the reasons why parole was denied....

21          That should have been the beginning and the end of the federal habeas
            courts' inquiry into whether [the petitioners] received due process.
22
    Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's

23

24          [2]In Greenholtz, the Court held that a formal hearing is not required with respect to a decision
    concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an
25  opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The
    decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. In
26  Greenholtz, the Court held that due process was satisfied where the inmate received a statement of
    reasons for the decision and had an effective opportunity to insure that the records being considered were
27  his records, and to present any special considerations demonstrating why he was an appropriate
    candidate for parole. Id. at 15.
28

"some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63.

Here, Petitioner argues that the Board improperly relied on evidence relating to Petitioner's crime. In so arguing, Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout. In this regard, Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement. Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254. The Court concludes that Petitioner's first and third claims concerning the evidence supporting the unsuitability finding should be denied.

Although Petitioner asserts that his right to due process of law was violated by the Board's decision, Petitioner does not set forth any specific facts concerning his attendance at the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the parole decision. Petitioner has not alleged facts pointing to a real possibility of a violation of the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1.

This Court lacks authority to review Petitioner's due process claims and recommends that Petitioner's first and third claims be denied.

**B.    No Parole Policy**

Petitioner's second claim is that he was denied parole as a result of the Board's application of a "no-parole policy." (Pet. at 9.) He argues that his parole application should be decided by a "fair and impartial decisionmaker." (Id.)

The Ninth Circuit Court of Appeals has acknowledged that California inmates have a due process right to parole consideration by neutral decision-makers. See O'Bremski v. Maass, 915 F.2d 418, 422 (9th Cir. 1990) (an inmate is "entitled to have his release date considered by a Board that [is] free from bias or prejudice"). Accordingly, parole board officials owe a duty to potential parolees "to render impartial decisions in cases and

controversies that excite strong feelings because the litigant's liberty is at stake." Id. (quoting Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir. 1981)). Indeed, "a fair trial in a fair tribunal is a basic requirement of due process." In re Murchison, 349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942 (1955). Petitioner is therefore correct that he was entitled to have his release date considered by a Board that was free of bias or prejudice. However, Petitioner has failed to substantiate his allegations with credible proof that at the time of the 2008 suitability hearing the Board operated under a no-parole policy or was otherwise biased at the time of his hearing. Nor has Petitioner demonstrated that any individual Board members were biased against him personally. Accordingly, Petitioner is not entitled to relief on this claim.

### C.   Cruel and Unusual Punishment

Petitioner fourth claims alleges that the Board's decision constituted cruel and unusual punishment. (Pet. at 14.)

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 131 S.Ct. at 862. However, a criminal sentence that is "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eighth Amendment. Lockyer v. Andrade, 538 U.S. 63, 72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003); Harmelin v. Michigan, 501 U.S. 957, 1001, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (Kennedy, J., concurring); Rummel v. Estelle, 445 U.S. 263, 271, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980).

Outside of the capital punishment context, the Eighth Amendment prohibits only sentences that are extreme and grossly disproportionate to the crime. United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin, 501 U.S. at 1001). Such instances are "exceedingly rare" and occur in only "extreme" cases. Lockyer, 538 U.S. at 72-73; Rummel, 445 U.S. at 272. So long as a sentence does not exceed statutory maximums, it will not be considered cruel and unusual punishment under the Eighth Amendment. See United States v. Mejia-Mesa, 153 F.3d 925, 930 (9th Cir.1998); United

1  States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990). Further, it has been held that

2  a sentence of fifty years to life for murder with use of a firearm is not grossly

3  disproportionate. Plascencia v. Alameida, 467 F.3d 1190, 1204 (9th Cir. 2006).

4          Here, Petitioner was convicted of attempted murder and other lesser offenses. The

5  punishment for attempted premeditated murder is life with the possibility of parole. Cal.

6  Pen. Code § 664(a). Petitioner was sentenced to life plus seven years of enhancement.

7  Accordingly, Petitioner's sentence thus does not exceed the statutory maximum.

8          Further, the actions of the Board do not constitute cruel and unusual punishment.

9  Petitioner explains that being rejected for parole by the Board in light of his expectations

10 and desire for release violates the Eighth Amendment. Petitioner's disappointment is

11 understandable.  However, the Board's decision, while lengthening his physical term of

12 confinement, does not change his original sentence. As Petitioner is serving an

13 indeterminate sentence, it is possible that he may be paroled, but it is also possible that

14 he shall remain incarcerated for the entire life term.  Petitioner has not stated facts that

15 would entitle him to Federal habeas relief under the Eighth Amendment's prohibition

16 against cruel and unusual punishment.

17         In view of the pertinent state statutory scheme, Petitioner does not present tenable

18 cruel and unusual punishment claim. It will be recommended that Petitioner's cruel and

19 unusual punishment claim be denied.

20 **III.    RECOMMENDATION**

21         Based on the foregoing, it is HEREBY RECOMMENDED that:

22         1.      The instant petition for writ of habeas corpus be DENIED; and

23         2.      The Clerk of Court be directed to enter judgment in favor of Respondent.

24         This Findings and Recommendation is submitted to the assigned United States

25 District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

26 304 of the Local Rules of Practice for the United States District Court, Eastern District of

27 California.  Within thirty (30) days after being served with a copy, any party may file written

28 objections with the court and serve a copy on all parties.  Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    October 5, 2011            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE